## Smith v. Commonwealth.

Jan. 28, 1941.

Roy G. Garrison for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Mattie Smith has been convicted of pandering, a crime defined by Section 1215b-1, Kentucky Statutes, and her punishment fixed at confinement in the state penitentiary for a term of one year. She was convicted under that part of the statute which reads:

"Any person * * * who shall knowingly accept or appropriate any money or other thing of value, without lawful consideration, from a prostitute and from the earnings from her prostitutions, * * * shall be guilty of pandering; and upon conviction, shall be punished by imprisonment in the penitentiary for a term of not less than one nor more than five years."

The prosecuting witness, Ruth Whitaker, a sixteen year old girl, testified that she had been an inmate of a house of prostitution operated by appellant, and that she had paid to appellant one-half of her earnings. Ap-

pellant admitted that Ruth Whitaker came to her house on three successive afternoons and remained until midnight, but denied there was an arrangement for the division of any money received by Ruth Whitaker or that she accepted or appropriated any part of such money. The sole ground urged for reversal of the judgment is that the verdict is not sustained by the evidence.

It was shown during the trial that the prosecuting witness had been committed to the House of Reform when she was twelve years of age, and had remained there until she was fourteen. It is argued that she is unworthy of belief, and, since the conviction was had upon her unsupported testimony, the judgment should be reversed. The record is not clear as to why Ruth Whitaker was sent to the House of Reform, but the inference is that she was committed as a delinquent child. She had not been convicted of a felony. She would have been a competent witness even though she had been convicted of a felony. In Mullins v. Commonwealth, 246 Ky. 748, 56 S. W. (2d) 370, 371, the defendant was convicted of manslaughter chiefly upon the testimony of one Joda Adams. In the course of the opinion it was said:

"Joda Adams admitted that he had been convicted of a felony and had served a term in the penitentiary, and it is argued that his testimony should be disregarded, and that, without it, there is no testimony to sustain the verdict.

"The fact that the prosecuting witness had been convicted of a felony only affected his credibility as a witness and whether or not his version of the affair was true was for the jury to determine. We have frequently held that it is the province of the jury to pass upon the weight and sufficiency of the evidence and the credibility of the witnesses and that they may accept the testimony of one witness or set of witnesses."

The testimony of a person convicted of perjury, false swearing, and subornation of perjury is incompetent, Section 1180, Kentucky Statutes, but the testimony of a witness convicted of any other felony is competent, and the fact of conviction goes merely to his credibility. Wireman v. Commonwealth, 267 Ky. 304, 102 S. W. (2d) 34.

Appellant denied that she received any part of the earnings of the prosecuting witness, but substantially corroborated the testimony of the witness in all other particulars. An inference that she did receive part of the earnings was warranted from her own testimony.

We find no merit in the contention that the evidence was insufficient to support the verdict, and the judgment is affirmed.